United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re Ex Parte Application of

HUMAN ENGINE, LTD.,

　　　　　Applicant.

Case No.  26-mc-80023-AMO

**ORDER GRANTING EX PARTE APPLICATION FOR ORDER AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Re: Dkt. No. 1

On February 2, 2026, Petitioner Human Engine Ltd. ("Human Engine") filed an ex parte application for an order pursuant to Title 18 U.S.C. § 1782, seeking leave to subpoena Glassdoor LLC ("Glassdoor") to produce documents for use in a putative defamation action in England and Wales.  Human Engine seeks "documents for use in an English lawsuit against the person who posted a false and defamatory review on Glassdoor.co.uk (the 'Review')."  Dkt. No. 1.  The Court otherwise assumes familiarity with the facts underlying Human Engine's application for purposes of this order.  Having carefully considered Human Engine's application and the relevant legal authority, the Court **GRANTS** the application for the reasons below.

I.　　**DISCUSSION**

Section 1782 was enacted with the twin aims of "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 242 (2004) (quoting *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002)).  The statute "authorizes but does not require a District Court to provide assistance," to a complainant contemplating a foreign proceeding.  *Intel*, 542 U.S. at 254.  To obtain the Court's assistance, the petitioner must first meet the statutory requirements, and then the Court determines

whether it should exercise its discretion to grant the requested relief. *See also Khrapunov v. Prosyankin*, 931 F.3d 922, 926 (9th Cir. 2019).

### A.    Statutory Requirements

To obtain the Court's assistance, Section 1782(a) requires Human Engine to establish that: (1) the person from whom discovery is sought resides in the district where the application is brought; (2) the discovery sought will be used in the course of proceedings before a foreign or international tribunal; (3) the requested order be made by a foreign or international tribunal or "at the application of an interested person." The Court considers each of these requirements in turn.

#### 1.    Residence in the District

Because Glassdoor is a corporation with its principal place of business located in San Francisco, California, Dkt. No. 1-1 at 11, Human Engine's request satisfies the first statutory requirement of residence in this district. *See* 18 U.S.C. § 1782(a).

#### 2.    For Use in a Foreign Proceeding

Human Engine seeks discovery for use in a putative defamation action before the High Court of England and Wales. *See* Dkt. No. 1-1 at 5. Section 1782(a) does not require the foreign proceeding to be pending, nor imminent; rather, the statute "requires only that a dispositive ruling . . . be within reasonable contemplation." *Intel*, 542 U.S. at 259. "[A] civil lawsuit is within reasonable contemplation . . . [when an] Applicant intends to bring a lawsuit . . . once the identity of the putative defendant is learned." *See In re Sungrove Co.*, No. 23-mc-80080, 2023 WL 2699987 at *2 (N.D. Cal. Mar. 28, 2023) (additionally noting that the applicant had already retained counsel for the purpose of filing suit); *In re Tagami*, No. 21-mc-80153, 2021 WL 5322711 at *3 (N.D. Cal. Nov. 16, 2021) (same); *In re Gianosso*, No. C 12-80029, 2012 WL 651647 at *1-2 (N.D. Cal. Feb. 28, 2012) (same).

Human Engine claims that the information sought will be used to identify the respondent in a civil defamation action that will be filed before the High Court of England and Wales. *See* Dkt. No. 1-3 ("Noble Decl.") at 6-7; Dkt. No. 1-2 ("Greenberg Decl.") ¶ 11 ("[M]y firm has been instructed to immediately commence a claim in the High Court of Justice of England and Wales

United States District Court
Northern District of California

2

for defamation."). Because the information Human Engine seeks to subpoena is in furtherance of future proceedings within reasonable contemplation, it satisfies the second statutory requirement.

### 3.    Interested Person

"Any other person . . . [who] merely possesses a reasonable interest in obtaining assistance" can satisfy Section 1782's third prong. *Intel*, 542 U.S. at 256 (quoting Hans Smit, *International Litigation under the United States Code*, 65 Colum. L. Rev. 1015, 1027 (1965)). Human Engine asserts that it intends to initiate litigation based on the information sought, making it "an interested person" seeking documents or information for use in a foreign proceeding. *See* Greenberg Decl. ¶ 11 ("I confirm that should this Application successfully reveal the identity of the person who posted the Review, my firm has been instructed to immediately commence a claim in the High Court of Justice of England and Wales for defamation."). Human Engine has established the third statutory requirement. *See In re Tagami*, 2021 WL 5322711 at *3 (finding a sworn declaration sufficient to corroborate that an individual is an interested person with the intention of initiating future litigation).

Because Human Engine has fulfilled Section 1782's requirements, the Court next considers the applicable discretionary factors.

### B.    Discretionary Factors

To determine if it should exercise its discretion to grant the relief sought, the Court is guided by certain factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the tribunal, the character of the proceedings underway abroad, or the receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions"; and, (4) whether the request is "unduly intrusive or burdensome." *Intel,* 542 U.S. at 264-66. The Court takes up these factors in turn.

### 1.    Participant in Foreign Proceeding

Where the "person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent," because "a foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.*

3

United States District Court
Northern District of California

at 264. In contrast, nonparticipants "may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Thus, discovery against nonparticipants in foreign proceedings is favored. *In re Tagami*, 2021 WL 5322711 at *3 (finding petitioner's assertion that the party from whom the documents are requested will not be a party to the putative foreign litigation sufficient evidence that they will be a nonparticipant).

Here, Human Engine asserts that the person from whom discovery is sought, Glassdoor, "will not be a participant in or a party to the foreign proceedings against the anonymous reviewer." Dkt. No. 1-1 at 12. Accordingly, the first discretionary factor weighs in favor of granting the request.

### 2. Nature of the Tribunal

To evaluate the "receptivity of the foreign . . . court to U.S. federal-court judicial assistance[,]" the Court "look[s] for 'authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of section 1782.' " *Intel*, 542 U.S. at 266; *Siemens AG v. Western Digital Corp.*, No. 8:13-cv-01407, 2013 WL 5947973 at *3 (C.D. Cal. Nov. 4, 2013) (quoting *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1100 (2nd Cir. 1995) (emphasis added)). "Courts have held this factor weighs in favor of granting the application unless the foreign tribunal expressly says it does not want assistance from U.S. federal courts." *In re Canadian Imperial Bank of Com.*, No. 24-mc-80070, 2024 WL 3226794, at *2 (N.D. Cal. June 27, 2024).

Human Engine avers that "English courts continue to be receptive to receiving evidence obtained through the Section 1782 procedure, and [they are] not aware of any reason why the position of the English courts might subsequently change." Greenberg Decl. ¶ 16 (citing *South Carolina Co. v. Assurantie N.V.* (1987) 1 AC 24, 42 (HL) (appeal taken from Eng.)). The Court is similarly unaware of any nonreceptivity of English courts to U.S. federal-court judicial assistance. *See In re Application of Graham Norton*, No. 26-mc-80161, 2026 WL 1707160, at *2 (N.D. Cal. June 15, 2026) ("[C]ounsel has cited authority to support the proposition that 'English courts are receptive to receiving evidence obtained from U.S. courts under Section 1782,' and the Court is

United States District Court
Northern District of California

unaware of any contrary authority." (citation omitted)).  Accordingly, the second discretionary factor weighs in favor of granting the request.

### 3. Concealed Attempts to Circumvent Foreign Proof-gathering Restrictions

If the Court perceives that " 'an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782,' " the third factor may weigh against the application.  *In re Tagami*, 2021 WL 5322711, at *3 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)).  Conversely, absence of such a perception weighs in favor of granting the application.  *In re Tagami*, 2021 WL 5322711 at *3 (noting that a limited discovery request without evidence that the petitioner was attempting to circumvent Japanese discovery rules or any policy of the United States weighs in favor of granting the request).

Human Engine avers that English courts have repeatedly accepted evidence obtained through Section 1782(a) and expressly rejected the argument that such evidence was "an abuse of process."  Greenberg Decl. ¶ 17.  The Court credits the sworn declaration of Paul Greenberg and notes the absence of any contravening evidence.  Thus, the third discretionary factor weighs in favor of granting the request.

### 4. Burdens of the Request

In the exercise of its discretion, the Court may consider whether the request is "unduly intrusive or burdensome."  *Intel*, 542 U.S. at 266.  Human Engine seeks documents and information sufficient to identify an anonymous reviewer on Glassdoor's U.K. site so that they may bring a defamation action against the poster.  *See generally* Dkt. No. 1.

As a threshold matter, the Court first considers whether a grant of discovery in this case would burden or otherwise impact First Amendment interests.  " '[F]oreign citizens outside U.S. territory do not possess rights under the U.S. Constitution,' including those under the First Amendment."  *In re Gliner*, 133 F.4th 927, 934 (9th Cir. 2025) (quoting *Agency for Int'l Dev. v. All. for Open Soc. Int'l, Inc.,* 591 U.S. 430, 433 (2020)) (alteration in original).  Nonetheless, the "First Amendment also protects U.S. audiences' right to 'receive information and ideas' from

United States District Court
Northern District of California

abroad." *Id.* (quoting *Stanley v. Georgia*, 394 U.S. 557, 564 (1969)).  At least three courts in this District have found that a "reasonably probable" inference that an anonymous poster is a non-U.S. citizen is sufficient to quell any First Amendment concerns at this preliminary procedural juncture. *See United States v. Google LLC*, 690 F. Supp. 3d 1011, 1021 (N.D. Cal. 2023) (finding that it was reasonably probable to assume that an anonymous speaker who made statements about a resident of South Korea did so within South Korea or was a citizen of South Korea); *Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 706 (N.D. Cal. 2022) (finding that "there's no reason to assume [employees of a New Zealand company] were U.S. citizens" when they posted anonymous reviews on Glassdoor's New Zealand page about the company); *In re Gliner*, 133 F.4th at 934 (finding that, absent "evidence suggest[ing] that the Operator or the Author is a U.S. citizen or present in the United States," there is not a First Amendment concern); *In re Graham Norton*, 2026 WL 1707160 at *2 (same).  Given that Human Engine has "no current or former employees based outside the UK," Human Engine infers, and the Court agrees, that the reasonable inference regarding the poster's nationality is that they are not a U.S. citizen.  Dkt. No. 1-1 at 15.  Moreover, the U.S. audience's right to information from abroad is not implicated where, as here, the review concerns a company exclusively based in the United Kingdom with "no international offices, no current or former employees based outside the UK, and an exclusively UK client base."  *Id.*; *In re Gliner*, 133 F.4th at 934 (absent suggestion that the content was "directed at or received by any audience in the U.S." there is no First Amendment concern).

Beyond First Amendment implications, Section 1782 requests are deemed intrusive and burdensome "where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information."  *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) (quoting *In re O2CNI Co.*, No. C 13-80125, 2013 WL 5826730, at *15-16 (N.D. Cal. Oct. 29, 2013).  The proper scope of discovery for an application made under Section 1782(a) is generally guided by the Federal Rules of Civil Procedure.  18 U.S.C. § 1782(a); *see In re Letters Rogatory From Tokyo Dist. Prosecutor's Office*, 16 F.3d 1016, 1019 (9th Cir. 1994).  Where the discovery requested is narrowly tailored, this factor will weigh in favor of the requesting party.  *See In re Tagami*, 2021 WL 5322711 at *4 (granting subpoena for "information

United States District Court
Northern District of California

sufficient to identify the reviewers" and "IP addresses associated with the . . . accounts[,]" especially given the possibility that the personally identifiable information entered into the account could be falsified). Here, the information sought by Human Engine is identical to the subpoena granted in *Tagami*: "Documents sufficient to show the name, email address and IP address of the person who posted the Review." Dkt. No. 1-5 ("Proposed Subpoena") at 6. In light of the limited nature of the discovery requested, the Court finds the fourth and final *Intel* factor weighs in favor of Human Engine.

## II.   CONCLUSION

Based on the foregoing, Human Engine's application is **GRANTED**. However, this Order is entered without prejudice to any motion to quash or modify the subpoena Glassdoor may bring, or any that may be brought by the user whose information is requested:

1. Human Engine may subpoena Glassdoor for documents sufficient to show the name, email address, and IP address of the person who posted the review.

2. At the time of service of the subpoena, Human Engine must serve a copy of this Order on Glassdoor.

3. No later than 10 days after service of this subpoena, Glassdoor shall notify the user who posted the review that their identifying information is sought by Human Engine.

4. No later than 21 days after service of this subpoena, Glassdoor and/or the user shall file any motions contesting the subpoena.

5. In the event that there is contest with respect to this subpoena, Glassdoor shall preserve, but not disclose the information requested, pending resolution of the contest.

**IT IS SO ORDERED.**

Dated: June 30, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**